Hyatt, J.
This was an action to recover damages for an injury sustained by the plaintiff, by falling into an area or vault in front of the defendant’s premises.
The defendant admitted the ownership of the building, and averred that he had for many years kept such vault, but that on the night when the injury occurred, some per *305 son, without his knowledge, forcibly and violently removed the covering or platform over said area, and that if the plaintiff fell into the opening thereby exposed, he was injured, not by any fault of the defendant, but through the-wrongful and unlawful act of some unknown person.
I am of the opinion that the complaint in this action was grounded upon negligence, and that no such cause of action was proved. The plaintiff, therefore, should have been non-suited.
The complaint alleged “that it was the duty of the defendant in the premises to provide and maintain a safe, secure and proper grating or covering on guards over said area or vault,” and “that the plaintiff’s injuries were caused by the wrongful negligence and carelessness of the defendant in that said area or vault, was suffered by defendant to be and remain without any safe, secure and proper grating,” etc.
Plaintiff does not allege the existence of anything unlawful or unauthorized. I think he was bound to prove negligence, which he failed to do. In Nolan v. King (97 N. Y., 565), the complaint was framed with similar allegations, and the action was held to be grounded upon negligence.
The defendant was guilty of no nuisance; to constitute a nuisance, the thing must be an obstruction which is unauthorized. The evidence does not show that either the area or the platform in any way impaired the use or safety of the street. Asuming, however, that they did, the uncontradicted evidence was that they were allowed by an ordinance of the city authorities.
Upon this point we think that the case at bar is clearly within the ruling of the court of appeals in the recent case of Wolf v. Kilpatrick (Daily Register of February 25, 1886).
The learned court below went upon the ground that the area and platform was a nuisance, for which the owner was responsible, though out of possession and control, and without the least knowledge of the fact that the platform was removed, and when such removal was by the misconduct of strangers; this was error under the decision in Wolf v. Kilpatrick (supra).
The platform being authorized by law, it was not a nuisance per se. There is no proof of negligence on the part of the defendant.
The judgment should be reversed and anew trial ordered, with costs to the appellant to abide the event.
McAdam, 0. J., concurred.